SUMMARY ORDER
Plaintiff Adrianne M. Williams Sanders appeals from a judgment of the district court, granting summary judgment in favor of defendants Citibank, N.A. and Systems & Services Technologies, Inc. (“SST”) and dismissing her claims. The complaint alleged, inter alia, that defendants, by issuing incomplete reports regarding the status of her car loan, negligently or willfully failed to comply with 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act (setting forth the duty of a furnisher of information to verify the sufficiency and accuracy of the furnished information after receiving notice of a dispute). We assume the parties’ familiarity with the facts and procedural history of the case.
“This court reviews de novo the district court’s summary judgment, using the same standard as the district court: summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law.” Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir.2006) (internal quotation marks omitted). Although the defendants, as movants, bear the initial burden of showing that they are entitled to summary judgment, “[wjhere, as here, the nonmovant bears the burden of proof at trial,” the movant may carry this initial burden by “point[ing] to evidence that negates its opponent’s claims.” Id. at 272-73. Once the movant makes such a showing, “the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact.” Id. at 273.
On appeal, Sanders argues that district court’s grant of summary judgment was erroneous because there is a genuine issue of material fact as to whether SST’s reports were incomplete for failing to report the timeliness of her post-bankruptcy car payments. Contrary to Sanders’ claim, however, the evidence shows no genuine issue of fact as to whether the November 7, 2006 report was incomplete for failing to report the timeliness of Sanders’ car payments.[1] As to this issue, defendants car *751 ried their initial burden by pointing to evidence negating Sanders’ claim that her car payments were timely and Sanders has not carried her burden by pointing to record evidence creating a genuine issue of fact.
In these circumstances, the undisputed facts establish that the November 7, 2006 report was not incomplete for failing to report the timeliness of plaintiffs car payments and defendants were therefore entitled to judgment as a matter of law. We have considered, and are not persuaded by, Sanders’ remaining arguments that summary judgment was erroneous.
Accordingly, the judgment of the district court is hereby AFFIRMED.

. We need not consider whether there is a genuine issue of fact regarding the completeness of SST’s October 27, 2006 report because SST’s November 7, 2006 report was made within the statutory time limit for responding to the first dispute of which it had *751 notice. See 15 U.S.C. §§ 1681s-2(b)(2), 1681(a)(1). Thus, we consider only whether there is a genuine issue of fact regarding the completeness of SST's November 7, 2006 report.